# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOANNE HARRIS DEITRICH TRUST A, trustee Marian D. Browne, on behalf of itself and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>(1) ENERFIN RESOURCES COMPANY, a Texas corporation, and<br>(2) ENERFIN RESOURCES I LIMITED PARTNERSHIP, a Texas limited partnership,<br><br>      Defendants. | Case No.   20-cv-081-KEW  _____ |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Plaintiff Joanne Harris Deitrich Trust A, through trustee Marian D. Browne ("Plaintiff"), for itself and all others similarly situated, files this Original Class Action Complaint against Enerfin Resources Company and Enerfin Resources I Limited Partnership ("Defendants" or "Enerfin"). Plaintiff alleges and asserts the following against Defendants.

## SUMMARY OF ACTION

1. This class action concerns Defendants' willful and ongoing violations of Oklahoma law related to payment of oil-and-gas production proceeds ("O&G Proceeds") to persons with a legal interest in the acreage under a well that entitles such person(s) ("Owner") to payments of O&G Proceeds.

2. Plaintiff is an Owner in at least one oil-and-gas well in Oklahoma in which Defendants have incurred an obligation pay O&G Proceeds pursuant to leases or pooling orders (the "Oklahoma Wells").

3. Specifically, Plaintiff is an Owner in an Oklahoma Well, the Presley #1-29, which is located in the Section 29–9N–7E in Seminole County, Oklahoma.

4. Defendants are first purchasers of production from said well and were obligated to pay O&G Proceeds, including revenue and interest, to Plaintiff.

5. The oil-and-gas industry has historically been rife with abuse, by lessees, operators, purchasers, and entities responsible for paying O&G Proceeds. Such companies routinely delay or suspend payments to Owners to, among other things, obtain interest-free loans at the expense of Owners. Because they control the relationship and the information, these companies are able to easily and successfully employ these tactics.

6. Oklahoma law attempts to redress and prevent these abuses by requiring companies, like Defendants here, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided" by statute. 52 O.S. § 570.10(D); *see generally id.* § 570 *et seq.* (the "Production Revenue Standards Act" or the "Act").

7. The Act provides Owners a uniform, absolute right to interest on Untimely Payments,[1] regardless of whether such payments were suspended to address title marketability issues or for any other reason that the payments were made outside of the time limits imposed by the Act. The Act's plain language imposes automatic interest on such Untimely Payments. Compliance with this statutory requirement is not optional and there is no requirement that Owners first make a written or oral demand.

8. Defendants are well aware of their statutory obligations to pay interest on Untimely Payments, but they have consistently ignored these obligations and blatantly violated

---

[1] "Untimely Payments" is defined in the Class Definition.

Oklahoma law. Indeed, on information and belief, Defendants routinely delay payment of production proceeds and interest payments as part of an overarching scheme to avoid their statutory obligations.

9. For these reasons, Plaintiff files this class action against Defendants to obtain relief for itself and all similarly situated Owners who received Untimely Payments for which Defendants did not pay interest as required by the Act.

10. Plaintiff files this class action against Defendants for breach of their statutory obligation to pay interest and for fraud. Additionally, Plaintiff seeks an accounting, disgorgement, and injunctive relief against Defendants.

## PARTIES

11. Plaintiff Joanne Harris Deitrich Trust A was formed under the laws of the state of Oklahoma.

12. Marian D. Browne serves as trustee of Plaintiff.

13. Plaintiff is an Owner in Oklahoma Wells, and is entitled to payment of O&G Proceeds from those wells.

14. Defendants are a group of affiliated, foreign entities doing business in the State of Oklahoma.

15. Defendant Enerfin Resources Company is a foreign corporation formed under the laws of Texas and maintains its principal place of business in Houston, Texas. Defendant Enerfin Resources Company may be served through its registered agent: The Corporation Company, 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

16. Defendant Enerfin Resources I Limited Partnership is a foreign limited partnership formed under the laws of Texas and maintains its principal place of business in Houston, Texas. Defendant Enerfin Resources I Limited Partnership may be served through its registered agent: The Corporation Company, 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

17. At all times relevant to the claims asserted in this Complaint, Defendants were/are the first purchaser and/or operators of production from oil and gas wells in the State of Oklahoma. Defendants are obligated to pay O&G Proceeds to Plaintiff and the putative class.

## JURISDICTION AND VENUE

18. This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum of $5,000,000 and because members of the classes and Defendants are citizens of different states.

19. This Court has personal jurisdiction over Defendants because they are foreign entities registered to do business in Oklahoma, they transact substantial business in Oklahoma, and because they distribute O&G Proceeds across Oklahoma.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in, or a substantial part of property that is the subject of this action is situated in, this District.

## CLASS ACTION ALLEGATIONS

21. The above allegations are incorporated by reference.

22. Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities who: (1) received Untimely Payments from Enerfin (or Enerfin's designee) for O&G Proceeds from Oklahoma wells; and (2) whose payments did not include statutory interest.
>
> Excluded from the Class are: (1) Enerfin, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma.

23. Upon information and belief, absent Class members entitled to interest owing on Defendants' Untimely Payments number in the thousands. Thus, the Class is so numerous that joinder of all members is impracticable.

24. The questions of fact and law common to the Class include:

    a. Whether Plaintiff and the Class own legal interests in the Oklahoma acreages upon which Defendants have an obligation to pay O&G Proceeds;

    b. Whether, under Oklahoma law, Defendants owed interest to Plaintiff and the Class on any Untimely Payments;

    c. Whether Defendants' failure to pay interest to Plaintiff and the Class on any Untimely Payments constitutes a violation of the Act;

    d. Whether Defendants defrauded Plaintiff and the Class by knowingly withholding statutory interest; and

    e. Whether Defendants are obligated to pay interest on future Untimely Payments.

25. Plaintiff's claims are typical of the Class because each Class member's claims are identical.

26. Defendants treated Plaintiff and Class in the same way by failing to pay the required interest on Untimely Payments.

27. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas royalty class actions.

28. The averments of fact and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought in this Complaint against Defendants relating to their failure to pay interest owing on the Untimely Payments of O&G Proceeds as required by law;

   c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Defendants, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendants.

**GENERAL ALLEGATIONS AND FACTUAL BACKGROUND**

30. The above allegations are incorporated by reference.

31. As first purchasers, Defendants distribute O&G Proceeds from numerous oil-and-gas wells throughout Oklahoma. Defendants owed payments of O&G Proceeds to Plaintiff and Class members as a result of the mineral production from such wells.

32. For decades, oil-and-gas producers or first purchasers would for various reasons delay or decline to distribute the proceeds from the first sale to interest owners and use those funds for their own purposes until they were ultimately distributed, if at all." 2015 OK AG 6, ¶ 2 (Sept. 1, 2015) (citing Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts,* 3 OKLA. CITY U. L. REV. 1, 4 (2006)). Holders of the production proceeds, however, frequently and intentionally avoided making any reasonable efforts to locate interest owners or notify them of their interest. *See id.* Instead, they would "suspend" their revenue payments until demanded and, in the meanwhile, gain the benefit of the possession of those funds. *See id.* Moreover, even when they eventually made the revenue payments, the holders often would not pay interest. *See id.* "[T]here was a great incentive to delay royalty payments" and "many producers routinely suspended royalties and delayed payment for many months and even years to take advantage of the interest earned during the float between the receipt of sales proceeds and disbursement of royalties." *See id.* (citing Bondurant at 18). This not only deprived interest owners of the time-value of the money owed to them, it also gave rise to "an ever increasing case load of litigation between royalty owners and purchasers . . . precipitated by the use of suspense accounts." *Id.* (citing *Hull v. Sun Refining & Mktg. Co.*, 1989 OK 168, ¶ 9, 789 P.2d 1272, 1277).

33. As a result of this conduct, many states—including Oklahoma—enacted statutes to curtail this abuse. In Oklahoma, the Act requires Defendants to make payments within certain time periods. Further, the Act requires Defendants to pay interest on any Untimely

Payments, regardless of why such payments were made outside of the statutory time periods. The Act gives Owners an absolute right to interest on Untimely Payments, and the Act's plain language imposes an obligation to include interest on Untimely Payments. Compliance with this statute is not optional and does not require a prior written or oral demand by Owners.

34. Plaintiff and Class members were entitled to payment of O&G Proceeds from Defendants and, pursuant to the Act, were further entitled to interest on any Untimely Payments made by Defendants.

35. Plaintiff and Class members placed their trust and confidence in Defendants to pay them the O&G Proceeds to which they were entitled, including any interest owed thereon. Defendants had superior access to information regarding O&G Proceeds and the amounts Defendants owed to Plaintiff and the Class, including interest, on Untimely Payments.

36. When Defendants made Untimely Payments to Plaintiff and Class Members, Defendants failed to pay the interest owed pursuant to the Act. Indeed, on information and belief, Defendants' failure to pay the statutorily required interest on Untimely Payments continues to this day as part of an ongoing scheme to avoid paying money clearly owed under Oklahoma law.

37. Defendants are not permitted to take advantage of their relationships with Plaintiff and Class members to realize unauthorized benefits or profits at the expense of Plaintiff and the Class. Defendants have used their position as the holder of Plaintiffs and the Class's O&G Proceeds to avoid Defendants' statutory obligation to pay the statutory interest due to Plaintiff and the Class in the event of Untimely Payments. As such, Defendants have

improperly treated Plaintiff and the Class's O&G Proceeds as an interest-free loan without their consent.

38. Upon information and belief, Defendants ignored their obligation under the Act to regard the O&G Proceeds Defendants owed to Plaintiff and the Class as separate and distinct from Defendants' other cash assets. Rather, these proceeds were comingled with Defendants' other cash assets. As such, Defendants improperly, unfairly, and in violation of the law profited from its deliberate refusal to pay statutory interest to Plaintiff and the Class.

39. In short, Defendants blatantly ignored Oklahoma law regarding the payment of interest on Untimely Payments. Further, Defendants did not hold the O&G Proceeds for the benefit of the owners legally entitled thereto (i.e. Plaintiff and the Class) and, instead, held the O&G Proceeds for Defendants' own benefit. Defendants have abused their position with Plaintiff and the Class.

40. Plaintiff and the Class have been damaged by Defendants' unlawful acts and omissions.

41. Defendants' wrongdoing—which clearly violates Oklahoma law—is ongoing and continues to this day.

## CAUSES OF ACTION

### Count I – Breach of Statutory Obligation to Pay Interest

42. The above allegations are incorporated by reference.

43. Plaintiff brings this cause of action on behalf of itself and the Class.

44. Plaintiff and the Class were legally entitled to the payments of O&G Proceeds from Defendants, as first purchasers, for production from wells owned or operated in Oklahoma.

45. Section 570.10 of the Act requires Defendants to hold O&G Proceeds from the sale of oil-and-gas production for the benefit of Owners who are entitled to those O&G Proceeds.

46. Section 570.10 of the Act also requires payment of O&G Proceeds to be made in a timely manner according to the applicable time periods in the Act.

47. If the holder of O&G Proceeds subject to the Act fails, for any reason, to make timely payments to those entitled to receive such O&G Proceeds, the holder must pay interest on such O&G Proceeds when the payment is eventually made.

48. Defendants held O&G Proceeds belonging to Plaintiff and the Class, and Defendants failed to timely pay O&G Proceeds owing to Plaintiff and the Class.

49. In violation of the Act, when Defendants ultimately made their Untimely Payments to Plaintiff and the Class, Defendants did not pay the interest owing to Plaintiff and the Class.

50. Defendants' failure to pay interest owing on its Untimely Payments of O&G Proceeds was knowing and intentional or was the result of Defendants' gross negligence.

51. Defendants' failure to pay interest owing on their Untimely Payments of O&G Proceeds has caused Plaintiff and the Class to suffer harm.

### Count II – Fraud

52. The above allegations are incorporated by reference.

53. Plaintiff brings this cause of action on behalf of itself and the Class.

54. As first purchasers, Defendants were responsible for distributing O&G Proceeds from numerous oil-and-gas wells throughout Oklahoma. Thus, Defendants knowingly

and intentionally took on the duties associated with such interests, including the duty to pay O&G Proceeds to Owners in accordance with Oklahoma law.

55. Instead of complying with Oklahoma law, Defendants took on such duties with the intent to deceive Owners and to not pay the full O&G Proceeds owed. Specifically, Defendants knew they owed interest on Untimely Payments, but they knowingly and intentionally suppressed the fact that interest was owed to Plaintiff and the Class members. Further, Defendants intended to avoid their obligation to pay the statutorily mandated interest and only pay when an Owner specifically requests payment of the statutory interest.

56. Plaintiff and the Class relied on and trusted Defendants to pay them the full O&G Proceeds to which they were entitled under Oklahoma law.

57. Defendants held all of the information relating to Untimely Payments and the interest owed on those payments, but it never disclosed to Plaintiff or the Class that such interest was owed.

58. Plaintiff and the Class have been damaged by Defendants' actions and violations of law.

59. Defendants' failure to pay interest it owes to Plaintiff and the Class is a result of Defendants' actual, knowing, and willful intent to deceive the members of the Class and to deprive such interest from persons the Defendants knew, or were aware, were legally entitled to such interest under the Act. Thus, Defendants should be required to pay punitive damages as a method or punishing Defendants and deterring such conduct by others.

### Count III – Disgorgement

60. The above allegations are incorporated by reference.

61. Defendants' payment of interest owed to Plaintiff and the Class does not provide an adequate legal remedy for the wrongs committed by Defendants because it will not deprive Defendants of the ill-gotten gains Defendants have obtained through their unlawful behavior.

62. The principles of equity and good conscience do not permit Defendants to retain the benefits derived from Defendants' improper and unlawful use of interest owed on Untimely Payments made to Plaintiff and the Class.

63. Thus, Plaintiff requests that the Court enter an order directing Defendants to disgorge themselves of any and all benefits derived from Defendants' improper and unlawful use of Plaintiff and the Class's interest payments, including interest that has accrued on such interest since the time in which the Defendants made the Disputed Payments to Plaintiff and the Class.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Defendants to pay Plaintiff and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Defendants' breaches and unlawful conduct, including, without limitation, the compounded interest on Untimely Payments as required by law;

3. An order requiring Defendants to disgorge themselves of the ill-gotten gains Defendants have obtained through the unlawful use of interest owed to Plaintiff and the Class;

4. An order requiring Defendants to pay interest in the future, as required by law, to Plaintiff and the Class;

5. An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Defendants' wrongful acts, as alleged in this Complaint;

6. An order requiring Defendants to pay the Class's attorney fees and litigation costs as provided by statute; and

7. Such costs and other relief as this Court deems appropriate.

Respectfully Submitted,

*/s/ Reagan E. Bradford*
Reagan E. Bradford, OBA #22072
Margaret E. Robertson, OBA #30235
Ryan K. Wilson, OBA #33306
THE LANIER LAW FIRM, P.C.
431 W. Main Street, Suite D
Oklahoma City, OK 73102
Telephone: (405) 698-2770
reagan.bradford@lanierlawfirm.com
maggie.robertson@lanierlawfirm.com
ryan.wilson@lanierlawfirm.com

-and-

James U. White, Jr., OBA #9545
WHITE, COFFEY AND FITE, P.C.
P.O. Box 54783
Oklahoma City, Oklahoma 73154
Telephone: 405-842-7545
jwhite@wcgflaw.com

**COUNSEL FOR PLAINTIFF**